## In re: CONOCOPHILLIPS CO. SERVICE STATION RENT CONTRACT LITIGATION.

### MDL No. 2040.

United States Judicial Panel on Multidistrict Litigation.

June 11, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendant ConocoPhillips Company (ConocoPhillips) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the twelve actions listed on Schedule A in the Northern District of California. The defendant's motion encompasses six actions in the Central District of California, four actions in the Northern District of California and one action each in the Eastern District of California and Southern District of California. Plaintiffs in all actions support centralization but suggest the Central District of California as the transferee district.

After considering the argument of counsel, we find that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from ConocoPhillips's alleged plan to raise the rent on its gasoline service stations. Specifically, plaintiffs are ConocoPhillips dealers or franchisees who allege, *inter alia,* that ConocoPhillips's rent policy constitutes a material breach of the franchise agreements and violation of certain federal and California statutes. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Either of the two suggested transferee districts, the Northern District of California or the Central District of California, would be an appropriate transferee forum for this litigation. Multiple actions are pending in each district, and no action is well progressed. On balance, we are persuaded that the Northern District of California is preferable. Centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

MDL No. 2040 — **IN RE: CONOCOPHILLIPS CO. SERVICE STATION RENT CONTRACT LITIGATION**

*Central District of California*

*KS 4000 Inc. v. ConocoPhillips Co.,* C.A. No. 2:08–8544

*HM Khosh Inc. v. ConocoPhillips Co.,* C.A. No. 2:08–8546

*NRU Inc. v. ConocoPhillips Co.,* C.A. No. 2:08–8548

*RHA Inc. v. ConocoPhillips Co.,* C.A. No. 2:08–8549

*4JR Enterprises Inc. v. ConocoPhillips Co.,* C.A. No. 2:09–164

*Rohinton F. Irani v. ConocoPhillips Co.,* C.A. No. 2:09–223

*Eastern District of California*

*Denmuller Mechanical Inc. v. Conoco-Phillips Co.,* C.A. No. 2:08–3007

*Northern District of California*

*Damar Petroleum, Inc. v. ConocoPhillips Co.,* C.A. No. 5:08–5436

*Matthew E. Horton v. ConocoPhillips Co.,* C.A. No. 5:08–5437

*Kyoung Suk Rho v. ConocoPhillips Co.,* C.A. No. 5:08–5545

*Hamilton Associates FLP v. Conoco-Phillips Co.,* C.A. No. 5:08–5763

*Southern District of California*

*AA Rancho Inc. v. ConocoPhillips Co.,* C.A. No. 3:09–42